UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* Ex Parte Application of<br>Yin Yen-Liang for an Order to Take<br>Discovery Pursuant to 28 U.S.C. § 1782 | Case No. |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION TO TAKE <u>DISCOVERY PURSUANT TO 28 U.S.C. § 1782</u>**

K&L GATES LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 536-3900

Dated: January 30, 2026

## TABLE OF CONTENTS

|      |     |                                                                        | Page |
|------|-----|------------------------------------------------------------------------|------|
| I.   |     | Factual Background                                                     | 1    |
|      | A.  | Gogoro Share Purchase Loan                                             | 1    |
|      | B.  | Luke Resigns from Gogoro and Fails to Repay the Share Purchase Loan    | 2    |
|      | C.  | The Taiwan Proceeding                                                  | 3    |
|      | D.  | Information Targeted by the Discovery Request                          | 3    |
| II.  |     | Argument                                                               | 5    |
|      | A.  | Requirements for Issuing a Subpoena under Section 1782                 | 5    |
|      | B.  | Petitioner Satisfies the Statutory Requirements for a 1782 Request     | 6    |
|      |     | 1. Respondents are found in or reside in the district.                 | 6    |
|      |     | 2. The discovery is for use in a foreign proceeding.                   | 7    |
|      |     | 3. Petitioner is an "interested person" under section 1782.            | 7    |
|      | C.  | The Intel Factors Favor Petitioner's Request                           | 7    |
| III. |     | Conclusion                                                             | 8    |

Petitioner Yin Yen-Liang submits this memorandum of law and accompanying declarations and exhibits in support of his *Ex Parte* Application to Take Discovery Pursuant to 28 U.S.C. § 1782 for use in a foreign proceeding. For the reasons stated herein, Petitioner asks the Court to grant this Application and enter the Proposed Order (attached to this Application): (i) authorizing the Applicant to serve the subpoena in the form attached hereto as Appendix 1 on the following parties: Continental Stock Transfer & Trust Company ("Continental"), Morgan Stanley & Co. LLC ("Morgan Stanley"), E*Trade Securities LLC ("E*Trade"), and Computershare Inc. ("Computershare" and together "Respondents"), and (ii) ordering Respondents to preserve and produce the documents responsive to the applicable subpoena in their possession, custody, and control.

For the reasons set forth herein, (i) this Petition meets each of Section 1782's statutory requirements, and (ii) satisfies the discretionary factors that courts typically consider in deciding whether to authorize discovery under Section 1782 in aid of a foreign proceeding. Petitioner accordingly requests that the petition be granted.

### I. Factual Background

#### A. Gogoro Share Purchase Loan

Petitioner Yin Yen-Liang ("Samuel Yin" or "Dr. Yin") is a corporate executive, investor, and philanthropist from Taiwan. Since 1994, Dr. Yin has served as President and CEO of Ruentex Group, a multi-industry conglomerate with operations in the construction, real estate development, retail, building materials, and financial sectors. *See* Declaration of Yin Yen-Liang ("Yin Declaration") at ¶ 2.

In addition to his role with Ruentex, Dr. Yin is an investor and advisor to numerous companies. One company that Dr. Yin has supported as an investor and advisor is Gogoro, Inc. ("Gogoro"), a NASDAQ listed company focused on electric two-wheel vehicles ("E2W") and

battery-swapping technology. E2W users with batteries compatible with the Gogoro platform can exchange low or spent batteries for fully charged ones from Gogoro terminals located within its geographic network. Gogoro is headquartered in Taipei, Taiwan. Yin Declaration ¶ 3.

Hok-Sum Horace Luke ("Mr. Luke") is the former CEO of Gogoro. As a part of his compensation package, Gogoro granted Mr. Luke options to purchase 7,886,354 ordinary shares of Gogoro stock at an aggregate exercise price of US$5,490,001.00. Mr. Luke subsequently exercised those options. Gogoro is presently trading around $5 per share. Yin Declaration ¶ 4.

To finance his exercise of the purchase options, Mr. Luke borrowed US$5,490,000.00 from Mega International Commercial Bank in Taiwan in October 2017 (the "Share Purchase Loan") through his wholly owned Delaware limited liability company, Innovative Creations LLC ("Innovative"). The bulk of Mr. Luke's Gogoro shares are held in the name of Innovative, with Luke listed in SEC filings as the beneficial owner of those shares. For the purposes of this pleading, "Luke's Gogoro Shares" shall refer to Gogoro shares held in either Luke's name or Innovative's name. Yin Declaration ¶ 5.

Luke's Gogoro Shares were originally pledged as collateral for the Share Purchase Loan. However, Mr. Luke wished to remove this term and he obtained the bank's agreement to substitute personal guarantees for the pledged collateral. By amendments dated May 16, 2023, and December 21, 2023, respectively, the collateral provisions were removed in exchange for Dr. Yin and Luke agreeing to act as guarantors on the Share Purchase Loan (the "Loan Guarantees"). The Loan Guarantees and the Share Purchase Loan call for disputes to be resolved in district court in Taipei City, on a non-exclusive basis. Yin Declaration ¶¶ 6-8.

**B.    Luke Resigns from Gogoro and Fails to Repay the Share Purchase Loan**

In September 2024, Mr. Luke resigned from Gogoro amid allegations that the company used imported components in vehicles that received government subsidies requiring locally made

2

parts. According to SEC filings, Mr. Luke's resignation was in part to show Gogoro's "resolution to fully cooperate with the local authorities" in the matter. Yin Declaration ¶ 8.

The Share Purchase Loan matured on September 30, 2025. Innovative and Mr. Luke failed to repay the debt. Accordingly, on October 3, 2025, Dr. Yin fulfilled his obligations as guarantor of the debt. Dr. Yin repaid the outstanding principal and interest in full, totaling US$ 4,620,543.67. A true and accurate copy of Dr. Yin's Certificate of Debt Repayment is attached to the Yin Declaration at Exhibit 5

### C. The Taiwan Proceeding

Dr. Yin initiated foreign proceedings to recover the amounts paid to satisfy Innovative and Mr. Luke's loan. On January 2, 2026, Dr. Yin filed a petition in Taipei (Taiwan) District Court against Innovative Creations LLC and Horace Luke to collect the debt as well as an application for provisional relief to attach their assets pending a final judgment.

### D. Information Targeted by the Discovery Request

Mr. Luke's current whereabouts and occupation are unknown to the Petitioner. The Petitioner has searched publicly available databases to try to identify any assets of Innovative and Luke that might be reachable to respond to the debt. No such assets have been identified. Luke's Gogoro Shares, and any proceeds received from the sale of any of Luke's Gogoro Shares are at least one group of assets the Petitioner hopes to identify.

Respondent Continental acted as the warrant agent for Gogoro's public listing. Continental is headquartered and has its principal place of business at 1 State Street, 30th Floor, New York, NY 10004-1561. Continental also acted as the transfer agent for a reverse stock split for Gogoro in October 2025. In these roles for Gogoro, Continental is likely to maintain certain registers of shareholders and warrant holders of Gogoro and other identifying information such as potential brokerage accounts where shares are held, transferee or purchaser information,

3

shareholder addresses, contact information or other identifying information for Innovative and Luke that will facilitate in tracing their assets.

Respondent Morgan Stanley is a global financial institution. Morgan Stanley's principal place of business and global headquarters is located at 1585 Broadway, New York, NY 10036. Morgan Stanley Wealth Management is a division of Morgan Stanley and offers traditional retail brokerage accounts through its financial advisors.

Respondent E*Trade is also a division of Morgan Stanley Wealth Management. E*Trade acts as the self-directed retail brokerage channel within Morgan Stanley Wealth Management. E*TRADE has its principal place of business at Harborside 2, 200 Hudson Street, Suite 501, Jersey City, New Jersey 07311. E*Trade is registered to do business in New York, has multiple New York locations, and conducts continuing business operations in the state with New York customers.

Upon information and belief, Mr. Luke and/or Innovative utilized Morgan Stanley and/or E*Trade for brokerage services. Mr. Luke's Gogoro Shares and other reachable assets of Luke and Innovative might be held at Morgan Stanley and/or E*Trade. Accordingly, these entities are likely to have client information, information regarding share transfers, brokerage accounts, shareholder addresses, contact information or other identifying information for Innovative and Luke that will facilitate Petitioner's foreign debt collection action.

Respondent Computershare is a global transfer agent and share registry services company. Computershare has offices and substantial operations in New York located at 51 West 52nd Street, 6th Floor, New York, NY 10019. Computershare's New York operations provide critical services such as shareholder recordkeeping, proxy solicitation, and corporate action management. Computershare manages and maintains records of ownership for publicly traded

4

companies and other issuers. Computershare also administers employee equity plans. Upon information and belief, Computershare was the company utilized by Gogoro for the purposes of facilitating employee stock awards. Computershare is likely to have "know your client" information, information regarding share transfers, brokerage accounts, shareholder addresses, contact information or other identifying information for Innovative and Luke relevant to identifying assets to respond to their debt to Petitioner.

## II. Argument

### A. Requirements for Issuing a Subpoena under Section 1782

In evaluating a Section 1782 petition, applicants must meet several statutory requirements, including that "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mangouras v. Boggs*, 980 F.3d 88, 97 (2d Cir. 2020) (internal citations and quotations omitted).

Once the statutory requirements are met, a district court may grant discovery under Section 1782 in its discretion. This discretion is not unlimited. It must be exercised with regard to dual statutory goals: "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Mees v. Buiter*, 793 F.3d 291, 297-98 (2d Cir. 2015) (*internal citations and quotations omitted*). "The Supreme Court has identified four" factors—the so called 'Intel factors'—that are relevant to a district court's discretion under § 1782:

> (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' in which case 'the need for § 1782(a) aid generally is not as apparent'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or

agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'

*Mangouras*, 980 F.3d at 97–98 (*quoting Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

### B. Petitioner Satisfies the Statutory Requirements for a 1782 Request

#### 1. Respondents are found in or reside in the district.

Petitioner satisfies the statutory requirements for the requested discovery as to each respondent. First, Continental and Morgan Stanley are headquartered in the district and have their principal places of business in the district; their affiliations "are so 'continuous and systematic' as to render them essentially at home in the forum State" for the purposes of general jurisdiction. *In re Marinakis*, No. 1:24-mc-485-JGK-HJR, 2025 WL 696769, at *3 (S.D.N.Y. Feb. 21, 2025) (*quoting Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)).

Respondent Computershare may also be found in the district for section 1782 purposes. Computershare is believed to have acted to administer employee stock awards for Gogogro and acted as transfer agent for such awards. In so doing, Computershare maintains a significant operational presence in New York through its office at 51 West 52nd Street, 6th Floor, New York, NY 10019, and routinely engages in activities that connect it to New York's financial infrastructure. As a transfer agent for companies listed on NASDAQ and other U.S. exchanges headquartered in New York, Computershare interfaces with clearing and settlement systems based in New York. These systematic and continuous contacts, physical office, regulatory compliance, and integration with New York-based market infrastructure create a specific nexus to the information Petitioner is seeking to discover – the location, sale, or transfer of NASDAQ

listed shares. "[W]here the discovery material sought proximately resulted from the respondent's forum contacts, that would be suffice" for specific jurisdiction under section 1782. *Id.* at *4.

Respondent E*Trade is a division of Morgan Stanley Wealth Management Services. It likewise maintains business operations in the State of New York and transacts business in the State for specific jurisdiction purposes and may be found in the district.

### 2. The discovery is for use in a foreign proceeding.

Dr. Yin has obtained a subrogation certificate from Mega International Commercial Bank and has initiated a subrogation/debt collection action in Taiwan. The records sought by Dr. Yin will help facilitate the identification of the location of Luke's Gogoro Shares and related assets in support of the collection action and indisputably meet the test for "use in a foreign proceeding" under section 1782. *See Mees v. Buiter*, 793 F.3d 291, 295 (2d Cir. 2015) ("A § 1782 applicant satisfies the statute's 'for use' requirement by showing that the materials she seeks are to be used at some stage of a foreign proceeding.").

### 3. Petitioner is an "interested person" under section 1782.

Dr. Yin is also an interested person within the meaning of Section 1782. As outlined above, Dr. Yin honored the loan guarantee and made repayment of the loan. As subrogee, he now stands in the shoes of the bank for enforcement purposes and is clearly an interested person in the foreign proceedings.

## C. The Intel Factors Favor Petitioner's Request

In addition to meeting the statutory factors, the discretionary *Intel* factors are also satisfied here. First, none of the Respondents are parties to the enforcement proceedings in Taiwan so the information is not available in party discovery in those proceedings. Second, courts in Taiwan have a good record of cooperation with courts in the United States so granting

7

the request will encourage continued cooperation between court systems.[1] Third, there is no suggestion here that the discovery sought is designed to avoid foreign evidence taking procedures. Finally, the discovery is not unduly burdensome. Petitioner seeks targeted information that is limited to Innovative and Luke, their assets, accounts, and other identifying information. Respondents will have only a slight burden in identifying and providing the requested information since the requests are limited to two customers and are narrow in time and scope.

**III.   Conclusion**

For the foregoing reasons and in consideration of the attached declaration and exhibits thereto, Petitioner respectfully requests that its Petition be granted and that Petitioner be (i) authorized to serve the subpoena on Respondents in the form attached hereto as Appendix 1, and (ii) Respondents be ordered to preserve and produce the documents responsive to the applicable subpoena in their possession, custody, and control.

Dated:  New York, New York
        January 30, 2026              Respectfully submitted,

                                      */s/ Todd S. Fishman*
                                      Todd S. Fishman
                                      K&L GATES LLP
                                      599 Lexington Avenue
                                      New York, New York 10022
                                      Tel: (212) 536-3900
                                      todd.fishman@klgates.com

                                      *Attorneys for Applicant Yin Yen-Liang*

---

[1] The ABA's *Obtaining Discovery Abroad (3rd ed.)* reports that Taiwan's Foreign Assistance Act authorizes Taiwanese courts to assist foreign courts—including U.S. courts—with service of process and evidence-taking, including witness testimony and documentary evidence. It further notes that Taiwan maintains annual statistics showing the number of foreign legal-assistance requests it executes, indicating that the system is used frequently and regularly.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing memorandum of law complies with the word-count limitations of Local Civil Rule 7.1(c) and according to Microsoft Word is 8 pages in length and contains 2,325 words, excluding the parts of the document exempted by the Rule.

*/s/ Todd S. Fishman*
Todd S. Fishman
K&L GATES LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 536-3900
todd.fishman@klgates.com

*Attorneys for Applicant Yin Yen-Liang*

Dated: January 30, 2026