UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

*In re Ex Parte* Application of           :

Yin Yen-Liang for an Order to Take        :       Case No. 1:26-mc-00043

Discovery Pursuant to 28 U.S.C. § 1782,   :

                                          :

                        Petitioner.       :

                                          :

-------------------------------------------------------------- X

**ORDER GRANTING *EX PARTE* APPLICATION TO TAKE
DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

This matter comes before the Court on the *Ex parte* Application of Yin Yen-Liang

("Petitioner") to Take Discovery Pursuant to 28 U.S.C. § 1782 for use in foreign debt collection

proceedings against of Hok-Sum Horace Luke and Innovative Creations LLC. The Court has

considered Petitioner's Application, the Declaration of Yin Yen-Liang and its accompanying

exhibits, and Petitioner's Memorandum of Law, and good cause having been shown:

**IT IS HERBEY ORDERED THAT:**

(a) Petitioner's Application is granted;

(b) Respondents Continental Stock Transfer & Trust Company, Morgan Stanley & Co.

LLC, E*Trade Securities LLC, and Computershare Inc. (collectively "Respondents") shall make

available to Petitioner all documents responsive to the categories of documents described and in

accordance with the instructions outlined in Appendix 1 to this order within twenty (20) days of

service of this Order on each Respective Respondent or at such other time as may be agreed.

(c) Todd S. Fishman, and any other attorneys affiliated with the law firm of K&L Gates

and admitted to practice before this Court, are appointed as examiners to (i) issue subpoenas to

Respondents with Appendix 1 attached hereto enumerating the document categories; and (ii)

1

obtain the requested documents and information pursuant to the Federal Rules of Civil

Procedure; AND

  (d) Petitioner shall serve a copy of this Order on Respondents.

**The Clerk is directed to close the motion at ECF No. 1.**

**SO ORDERED.**

Dated: February 6, 2026

          J. PAUL OETKEN
         United States District Judge

**Appendix - 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- X
*In re Ex Parte* Application of                                    :
Yin Yen-Liang for an Order to Take                          :        Case No.
Discovery Pursuant to 28 U.S.C. § 1782,                  :
                                                                             :
                        Petitioner.                                     :
                                                                             :
------------------------------------------------------------- X

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Continental Stock Transfer & Trust Company, Morgan Stanley & Co. LLC, E*Trade

Securities LLC, and Computershare Inc. (collectively "Respondents") shall produce copies of the

documents, communications, and electronically stored information, described herein no later

than twenty (20) days from service upon them of the foregoing Order, at the offices of K&L

Gates LLP, 599 Lexington Avenue, New York, New York 10022.

I.    **DEFINITIONS**

a.    "***Subject[s]***" means Hok-Sum Horace Luke and Innovative Creations LLC together with

any related accounts, sub-accounts, nominees, officers, directors, beneficial owners, trustees,

beneficiaries, authorized signers, and any entities they own or control directly or indirectly.

b.    "***Account***" includes any demand, savings, time deposit, brokerage, custody, trust, escrow,

omnibus, margin, retirement, or other financial or securities account maintained for or on behalf

of any Subject.

c.    "***KYC/Onboarding Materials***" means all customer identification program (CIP),

know-your-customer (KYC), anti-money-laundering (AML), customer due diligence (CDD)

enhanced due diligence (EDD), account opening and update records, including applications,

3

questionnaires, checklists, approval worksheets, risk ratings, screening results, beneficial

ownership declarations, tax forms, sanctions screening, and periodic review packages.

d.        "*Transaction Records*" means statements and ledgers; incoming/outgoing wires;

payment system messages (including SWIFT/MT messages, CHIPS, Fedwire); cash

deposits/withdrawals; internal transfers; FX tickets; check images; cashier's checks; and any

advices, confirmations, or notices reflecting movement of funds or securities.

e.        "*Stock Transfer Information*" means shareholder registers, master securityholder files,

transfer journals, DTC/DWAC/DRS instructions, medallion guarantee documentation, certificate

issuance/cancellation logs, corporate action files, proxy records, and any communications or

instructions concerning transfers or changes of ownership in securities held or administered by

Respondent.

f.        "*Documents" and "Communications*" include all forms of recorded information,

whether paper or electronic, including emails, letters, memoranda, files, databases, spreadsheets,

images, recordings, and metadata.

## II.    GENERAL INSTRUCTIONS

a.        *Time Period*: Unless otherwise specified, produce responsive materials for the period

October 2017-present.

b.        *Form of Production*: (1) Produce documents electronically in reasonably usable format

(e.g., native with load files and metadata for ESI; text-searchable PDFs for scanned paper). (2)

For SWIFT/CHIPS/Fedwire, produce the full message sets and routing details, including sender,

intermediary, and beneficiary data.

c.        *Custodians*: Identify the custodian(s) and data source(s) for each production set.

4

d.      ***Search & Completeness***: Conduct reasonable searches of all locations where responsive materials are maintained (including archives and off-site storage). If any responsive materials were lost, destroyed, or are otherwise unavailable, identify the circumstances and date(s) of such loss.

e.      ***Redactions & Privilege***: Do not withhold non-privileged, responsive information. If withholding any material on privilege or confidentiality grounds, provide a privilege log that complies with Fed. R. Civ. P. 26(b)(5).

f.      ***Protective Measures***: If needed, designate materials under an appropriate protective order. Confer promptly with undersigned counsel to address burden, scope, or format issues

g.      ***Linked/Related Accounts***: If Respondents identify additional accounts associated with any Subject (e.g., by common ownership, signatory, or beneficiary links), include those accounts within the scope and identify the basis of association.

## III.    REQUESTS

### a.    IDENTIFYING / KYC / ADDRESS INFORMATION

1.  All KYC/Onboarding Materials for any Account held for or on behalf of any Subject, including: (a) account-opening applications, certifications, and approvals; (b) copies of government IDs, passports, corporate formation records, (b) Resolutions, and tax forms (e.g., W-8/W-9); (c) beneficial ownership declarations (direct/indirect), organizational charts, and BO change logs; (d) CIP/KYC/AML/CDD/EDD questionnaires, screening results, risk ratings, and periodic reviews/updates; (e) records showing physical and mailing addresses, phone numbers, email addresses, nationalities, occupations, and employer/affiliation.

2.  Documents sufficient to identify for each Account: (a) the full legal name and aliases of the account holder; (b) account number(s), type(s), and opening/closing dates; (c) all authorized signers, traders, and representatives; (d) relationship manager(s) and business unit(s) responsible; and (e) any linked, related, or sub-accounts and the basis of linkage.

**b.    ACCOUNT BALANCES / STATEMENTS**

3.  Monthly or periodic Account statements (including beginning/ending balances) for any Account of any Subject during the Time Period.

4.  Documents sufficient to show current or last known Account balances if any Account remains open as of the date of compliance.

**c.    FUND TRANSFERS / PAYMENTS**

5.  Transaction Records for any Account of any Subject, including: (a) incoming/outgoing wires with full remitter/beneficiary details; (b) SWIFT/MT messages (complete sets), CHIPS IDs, Fedwire tags, and any intermediary banks; (c) internal transfers, book entries, deposits/withdrawals (including cash), and checks/cashier's checks (with images where available); (d) FX tickets and confirmations; and (e) any advices, notices, or internal memos reflecting or describing such transfers.

6.  Communications (non-privileged) with Subjects or third parties concerning Account funding, transfers, freezes/holds, closures, or restrictions.

**d.    BENEFICIAL OWNERSHIP / CONTROL**

7.  Documents sufficient to identify the direct and indirect beneficial owners, controllers, signatories, trustees, beneficiaries, corporate officers/directors, and any changes thereto for any Account of any Subject.

8. Any certifications, declarations, or updates reflecting changes in beneficial ownership or control, including dates and reasons for such changes.

e.    **BROKERAGE / SECURITIES / STOCK TRANSFERS**

9. Account-opening and KYC files for any brokerage or custody Account of any Subject.

10. Trade confirmations and position statements reflecting purchases, sales, and holdings of securities by any Subject.

11. Stock Transfer Information, including: (a) shareholder registers or master security holder files listing any Subject; (b) transfer journals (issuance/cancellation), certificate histories, and DWAC/DRS instructions;(c) medallion guarantee documentation and related confirmations; (d) corporate actions (splits, dividends, redemptions, exchanges) and communications regarding such actions; and (e) proxy notices, voting records, and address/identity updates.

f.    **COMPLIANCE / CUSTOMER-FACING CORRESPONDENCE**

12. Non-privileged communications with any Subject concerning: (a) KYC/AML/CIP requests for information or documentation;  (b) account restrictions, enhanced due diligence, sanctions screening results, or adverse media escalations (excluding SAR filings); (c) account freezes/terminations and reasons therefore.

g.    **LOCATOR / LINKAGE MATERIALS**

13. Documents sufficient to identify any additional accounts or relationships (including affiliated entities or nominees) associated with any Subject, and the basis of association (shared signatories, common addresses, common IPs/device IDs if maintained, etc.).